IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02040-BNB

VIRGIL CROFFER,

Applicant,

v.

DENVER COUNTY COURTS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER OF DISMISSAL

Applicant, Virgil Croffer, currently resides in Thornton, Colorado. Mr. Croffer, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of a Colorado state-court conviction.

The Court must construe the Application liberally because Mr. Croffer is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Croffer is challenging a conviction from the Denver County District Court. Mr. Croffer alleges that he was convicted on June 19, 2000, in Case No. 00-W-0094 and sentenced to a "permanent" term. Although Mr. Croffer does not indicate the crimes with which he was charged and convicted, he does state that his sentence was

dismissed on June 22, 2005. In the Application, Mr. Croffer does not state a request for relief. He asserts under the claims section of the Application that he was twice stopped by the police, once in Adams County and again in Denver County, and placed in jail because the "computer system" did not show that Case No. 00-W-0094 had been dismissed.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Mr. Croffer states that he has served his sentence in Case No. 00-W-0094, and he does not indicate that he is being detained due to incorrect information maintained by the State of Colorado regarding Case No. 00-W-0094. Because Mr. Croffer no longer is in custody for the conviction that he is challenging, this Court lacks jurisdiction to review the merits of his claims. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed pursuant to 28 U.S.C. § 2254(a) for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Croffer has not made a substantial showing that jurists of reason would find it debatable

whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __28th__ day of __September__, 2010.

BY THE COURT:

_Christine M. Arguello_
_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02040-BNB

Virgil Croffer
9440 Hoffman Way #D-104
Thornton, CO 80229

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk